UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOHN S. KAMINSKI, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | No. 3:18-cv-2099 (SRU) |
| | : | |
| LUIS COLON, et al., | : | |
|     Defendants. | : | |

## INITIAL REVIEW ORDER

On December 20, 2018, John S. Kaminski, an inmate currently confined at the MacDougall-Walker Correctional Institution in Suffield, Connecticut, brought a complaint *pro se* and *in forma pauperis* pursuant to 42 U.S.C. § 1983 against several state officials for constitutional and state law violations.  Compl., Doc. No. 1.  He is suing Captain Luis Colon, Correction Officer Philip Alexander, Warden Edwin Maldonado, Deputy Warden Gary Wright, Deputy Warden Scott Vanoudenhove, Captain Jeanette Maldonado, State's Attorney Matthew Gedansky, Connecticut State Police Sergeant Gershowitz, and Assistant Attorney General DeAnn Varunes in their individual capacities for damages and Commissioner of Correction Scott Semple and Director Karl Lewis in their official capacities for declaratory relief.  *Id.*  He appears to be suing the defendants for acting with deliberate indifference to his serious medical needs, in violation of the Eighth Amendment's protection against cruel and unusual punishment, depriving him of procedural due process under the Fourteenth Amendment, and spoliation of evidence.  *Id.* at 25, 31-34.

Kaminski brought this action after both of his state court civil actions against the defendants based on the same claims were dismissed.  Compl. at 19; *Kaminski v. Alexander*, No. HHB-CV15-5016640-S, Judicial District of New Britain (Conn. Super. Ct. Apr. 23, 2018);

*Kaminski v. Semple*, No. HHB-CV17-5018219-S, Judicial District of New Britain (Conn. Super. Ct. Oct. 31, 2018). He contends that the "Connecticut administrative officers and their superiors, along with the [Connecticut] Superior [sic] Court are unable, unwilling to police their own staff and courts, which has forced [him] to seek recourse through the [f]ederal [c]ivil [r]ights [s]ystem available as a [section] 1983 complaint." Compl. at 19. For the following reasons, the complaint is dismissed.

I. Standard of Review

I must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a plausible right to relief. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007). Conclusory allegations are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Nevertheless, it is well-established that "[*p*]*ro se* complaints 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'" *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)); *see also Tracy v. Freshwater*, 623 F.3d 90, 101-02 (2d Cir. 2010) (discussing special rules of solicitude for *pro se* litigants).

II. Factual Allegations

Kaminski's complaint sets out the following factual allegations. On November 18, 2014, Kaminski underwent major lumbar spinal surgery at the UConn Health Center. Compl. at 8. A

titanium brace was placed on him following the surgery. *Id.* Two days later, Captain Colon assigned Correction Officer Alexander to transport Kaminski from the UConn Health Center back to his assigned housing unit at Osborn Correctional Institution ("Osborn"). *Id.* Alexander had not been trained in medical transports and was unable to operate the wheelchair-equipped transport van. Therefore, he opted for a four-door compact sedan to transport Kaminski. *Id.* When he attempted to enter the backseat of the sedan, Kaminski, who was in full-body restraints, fell onto his back. *Id.* Alexander then pulled Kaminski by his shirt across his chains into the backseat. *Id.* When they arrived at Osborn, Alexander instructed Kaminski to walk into the Admitting & Processing area and wait for a wheelchair. *Id.* Alexander did not provide Kaminski with a foot rest. *Id.*

At a follow-up appointment, Kaminski learned that a screw in his titanium brace had broken. Compl. at 8. An attempt to fix the broken screw did not occur until March of 2016, but a determination was made that the screw could not be removed. *Id.* at 9. The broken screw remains embedded in Kaminski's spine. *Id.*

On December 1, 2014, Kaminski attempted to file a complaint with the state police. Compl. at 11. He asked his unit manager, Captain Jeanette Maldonado how to go about filing a criminal complaint with the state police against Alexander, Colon, and Director Lewis for assault, reckless endangerment, and abuse of the elderly. *Id.* Maldonado responded that Kaminski could write to the state police and request to set up a meeting with them. *Id.* Kaminski thereafter wrote a complaint to the state police and sent a copy to Warden Edwin Maldonado. *Id.* at 12. The complaint contended that Alexander and/or other state officials,

including Assistant Attorney General Varunes, failed to secure video footage related to the incident on November 20, 2014.[1]  *See id.*

On January 7, 2015, Kaminski was summoned to Deputy Warden Wright's office and met with Wright and Deputy Warden Vanoudenhove.  Compl. at 12.  Wright and Vanoudenhove escorted Kaminski to another office where he met with Sergeant Gershowitz from the Connecticut State Police.  *Id.*  Gershowitz had Kaminski sign a form indicating that he had "acknowledged his rights" and then listened to his complaint about the medical transport incident on November 20, 2014.  *Id.* at 13.  Kaminski was not permitted to file a complaint regarding the incident and was escorted out of the office.  *Id.*  As Kaminski was leaving the office, Wright and Vanoudenhove asked Gershowitz if the matter had been settled, to which Gershowitz responded in the negative.  *Id.*

Later that day, Kaminski filed a complaint with the Chief State's Attorney's Office requesting an investigation into the incident.  Compl. at 13.  The matter was assigned to State's Attorney Gedansky.  *Id.*  In a letter addressed to Kaminski dated February 11, 2015, Gedansky stated that, "after reviewing the material sent to [him] . . . there [was] no violation of criminal law," and he urged Kaminski "to pursue any civil remedies available to him to resolve harm done to him."  *Id.* at 15.

After concluding that defendants Lewis, Semple, Edwin Maldonado, Jeanette Maldonado, Wright, Vanoudenhove, Gedansky, Gershowitz, and Varunes were "involved in [a] cover-up" by destroying "video evidence," Kaminski filed two civil actions in state court.  Compl. at 9; *Kaminski v. Alexander*, No. HHB-CV15-5016640-S; *Kaminski v. Semple*, No.

---

[1] Kaminski alleges that "a video hearing" was held on January 7, 2015 and that the state court ordered Assistant Attorney General Varunes to secure certain video footage.  Compl. at 12.  It is unclear from the complaint what specific video footage was ordered to be secured.

4

HHB-CV17-5018219-S. After hearing both motions, the state court dismissed both cases via written decisions on the ground of statutory immunity pursuant to Conn. Gen. Stat. § 4-165.[2] Compl. at 15. Kaminski argues that the state court's decisions mirrored the defendants' motions to dismiss and "wholly ignored" Kaminski's arguments. *Id.* Kaminski's appeals from both rulings remain pending. *Id.* at 9; *Kaminski v. Alexander*, No. AC41694 (Conn. App. May 24, 2018); *Kaminski v. Semple*, No. AC42288 (Conn. App. Nov. 16, 2018).

Kaminski takes issue with the state court's dismissal orders, particularly with its conclusion that State's Attorney Gedansky was immune for liability based on his refusal to investigate and/or prosecute the Osborn officials for reckless endangerment and abuse of the elderly. Compl. at 16. After losing both cases in state court, "it became clear [to Kaminski] that [the] Connecticut [c]ourts would be unwilling to protect [him]," and, thus, he filed the instant action in this Court. *Id.* at 19.

III. <u>Analysis</u>

As best as I can discern from his complaint, Kaminski is suing all defendants for acting with deliberate indifference to his medical needs, in violation of his Eighth Amendment protection against cruel and unusual punishment, based on Colon's and Alexander's handling of the medical transport on November 20, 2014 and the delay in discovering the broken screw in his titanium back brace. *See* Compl. at 25. He is suing the defendants for violating his Fourteenth Amendment right to due process by interfering with, and/or hindering, his ability to pursue criminal action in state court against the Osborn correctional officials. *See id.* at 32. Kaminski is also raising a state law claim of spoliation against the defendants for destroying certain video

---

[2] Section 4-165(a) of the Connecticut General Statutes provides: "No state officer or employee shall be personally liable for damage or injury, not wanton, reckless or malicious, caused in the discharge of his or her duties or within the scope of his or her employment. Any person having a complaint for such damage or injury shall present it as a claim against the state under the provisions of this chapter."

footage related to the November 20, 2014 incident. After reviewing the factual allegations, I conclude that the complaint should be dismissed for the following reasons.

First, the complaint states federal constitutional and state law violations that allegedly occurred from November of 2014 to February of 2015. Claims for violations of constitutional rights under section 1983 are governed by the three-year statute of limitations under Connecticut General Statutes § 52-577.[3] *Lounsbury v. Jeffries*, 25 F.3d 131, 134 (2d Cir. 1994). Kaminski did not commence the instant action until December 20, 2018, approximately three years and ten months after State's Attorney Gedansky declined to investigate his criminal complaint regarding the incidents at the UConn Health Center and Osborn.

Kaminski argues that the limitations period should be tolled for the time he spent litigating his claims in state court. Compl. at 20-21. However, the Second Circuit has rejected this argument because section 52-577 does not provide for the tolling the statute of limitations during a state proceeding. *Harnage v. Torres*, 665 F. App'x 82, 83-84 (2d Cir. 2016); *see also Tavares v. New York City Health and Hospitals Corp.*, 2015 WL 158863, at *9 (S.D.N.Y. Jan. 13, 2015) (rejecting argument that filing medical malpractice action in state court tolls statute of limitations for federal case); *Cancel v. Mazzuca*, 2003 WL 1702011, at *3 (S.D.N.Y. Mar. 28, 2003) (rejecting argument that federal court is required to toll limitations period for time spent pursuing state court remedy). Thus, Kaminski's claims against the defendants are time-barred.

Kaminski may, however, be able to state an Eighth Amendment claim for deliberate indifference to medical needs based on the delay in discovering the broken screw in his back brace, which allegedly lasted from November of 2014 to March of 2016. "When the basis for a prisoner's Eighth Amendment claim is a temporary delay or interruption in the provision of

---

[3] Section 52-577 of the Connecticut General Statutes provides: "No action founded upon a tort shall be brought but within three years from the date of the act or omission complained of."

otherwise adequate medical treatment, it is appropriate to focus on the challenged *delay* or *interruption* in treatment rather than the prisoner's *underlying medical condition* alone in analyzing whether the alleged deprivation is, in objective terms, sufficiently serious, to support an Eighth Amendment claim." *Smith v. Carpenter*, 316 F.3d 178, 185 (2d Cir. 2003) (emphasis in original; internal quotations omitted). Thus, Kaminski's claim regarding the delay in discovering the broken screw in his back brace, which allegedly lasted until two years and nine months before the filing of this complaint, does not appear to be time-barred. However, Kaminski has not alleged how, if at all, any of the defendants to this action were involved in delaying the follow-up appointment where the discovery occurred, nor has he alleged facts which would support an inference that the delay in discovering the broken screw resulted in any further harm. *See Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) (plaintiff must allege personal involvement of defendants to recover damages in section 1983 action). Thus, to the extent Kaminski wishes to pursue this Eighth Amendment claim, he may file a new action against the officials who were aware of, and directly involved in, the delay in scheduling his follow-up appointment at the UConn Health Center.

Moreover, Kaminski's entire complaint appears to be an invitation for this Court to review the state court's dismissal of his civil actions. *See* Compl. at 19 (The "Connecticut administrative officers and their superiors, along with the [Connecticut] Superior [sic] Court are unable, unwilling to police their own staff and courts, which has forced this [plaintiff] to seek recourse through the [f]ederal [c]ivil [r]ights [s]ystem available as a [section] 1983 complaint"). Pursuant to the *Rooker-Feldman* doctrine, "a federal court may not review and reject 'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced.'" *Patterson v. Rodgers*, 708 F. Supp. 2d 225,

7

237 (D. Conn. 2010) (quoting *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 291 (2005)). There are four requirements for application of the *Rooker-Feldman* doctrine: "(1) 'the federal-court plaintiff must have lost in state court;' (2) 'plaintiff must complain of injuries caused by a state-court judgment;' (3) 'plaintiff must invite district court review and rejection of that judgment;' and (4) the 'state-court judgment must have been rendered before the district court proceedings commenced.'" *Arnold v. Connecticut*, 2012 WL 1287739, at *4 (D. Conn. Apr. 13, 2012) (quoting *Hoblock v. Albany County Bd. of Elections*, 422 F.3d 77, 83 (2d Cir. 2005)). Kaminski raised the same claims regarding the interference with, or refusal to investigate, his criminal complaints against Osborn officials in his state civil actions against the same defendants. *Kaminski v. Alexander*, No. HHB-CV15-5016640-S; *Kaminski v. Semple*, No. HHB-CV17-5018219-S. The state court dismissed both actions on April 23, 2018 and October 31, 2018. Kaminski filed the instant action less than two months after the latter case was dismissed. The instant complaint invites this Court to review the same claims raised in the state actions and the judgments rendered therein. Therefore, this Court lacks jurisdiction over the instant case, particularly the Fourteenth Amendment and spoliation claims related to the state's interference with, and/or refusal to investigate, Kaminski's criminal complaints regarding the incidents at UConn Health Center and Osborn in November 2014.

## ORDER

The complaint is **DISMISSED**. Because any further attempt to amend this complaint would be futile in light of the aforementioned legal principles, the complaint is **DISMISSED with prejudice**. Accordingly, Kaminski's Motion to Appoint Counsel (Doc. No. 3) is **denied**. The clerk is directed to enter judgment in favor of the defendants and close this case. To the extent Kaminski wishes to pursue an Eighth Amendment claim against state correctional officials

for delaying his access to medical treatment from November 2014 to March of 2016, he may do so in a separate action.

So ordered.

Dated at Bridgeport, Connecticut, this 19th day of March 2019.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge